UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH ANDRE DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-2257** |
| **NELSON COLEMAN**<br>**CORRECTIONAL CENTER, ET AL.** | **SECTION "A"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Keith Andre Davis, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. He named as defendants the Nelson Coleman Correctional Center, Greg Champagne, John Nowak, Alvin Robertson, Gary Bolden, the Medical Department, and Kecia Charles. In this lawsuit, plaintiff claims that he was denied the opportunity to attend his mother's funeral and that he has not been provided with psychiatric services to deal with his emotional trauma. As relief, he requests $10,000.00 in damages.

### I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

>On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>>(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

>Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
>>(i) is frivolous or malicious;
>>(ii) fails to state a claim on which relief may be granted; or
>>(iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned finds that, for the following reasons, the complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

## II. Improper Defendants

As an initial matter, the Court notes that two of the defendants named are clearly improper.

Plaintiff named the Nelson Coleman Correctional Center as a defendant. However, the correctional center is a building, not a "person" subject to suit under 42 U.S.C. § 1983. Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, at *3 (E.D. La. Mar. 8, 2010); Dorsey v. Nelson Coleman Correctional, Civ. Action No. 09-7673, 2010 WL 677742, at *2 (E.D. La. Feb. 24, 2010); Joseph v. Nelson Coleman Correctional Center, Civ. Action No. 09-

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

7670, 2010 WL 55447, at *2 (E.D. La. Jan. 7, 2010); Lathers v. Nelson Coleman Correctional Center, Civ. Action No. 07-2891, 2007 WL 1702780, at *2 (E.D. La. June 11, 2007).

Plaintiff also named the "Medical Department" as a defendant. However, a prison's medical department is not a distinct, juridical entity capable of being sued. Lockhart v. Orleans Parish Sheriff's Department, Civ. Action No. 09-6358, 2009 WL 5210579, at *1 (E.D. La. Dec. 23, 2009); Martinez v. Larpenter, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); Oladipupo v. Austin, 104 F. Supp. 2d 626, 641-42 (W.D. La. 2000).

Further, to the extent that the remaining defendants are arguably properly named, the claims against them have no merit for the following reasons.

### III.  Plaintiff's Claims

### A.  Missed Funeral

Plaintiff alleges that he was denied the opportunity to leave prison to attend his mother's funeral. Even if that allegation is true, it does not state a claim actionable pursuant to 42 U.S.C. § 1983, which "is only a remedy for violations of *federal statutory and constitutional rights*." Woodard v. Andrus, 419 F.3d 348, 353 (5th Cir. 2005) (emphasis added). A prisoner simply has no federal statutory or constitutional right to attend a relative's funeral. Rathers v. Raney, No. 99-6627, 2000 WL 1871702, at *2 (6th Cir. 2000); Carlisle v. Rayburn Correctional Center, Civ. Action No. 07-451, 2007 WL 550054, at *2 (E.D. La. Feb. 16, 2007); Smith v. Tanner, Civ. Action No. 06-1413, 2006 WL 2850182, at *2 (E.D. La. Oct. 3, 2006); Adams v. Garland County Detention Center, No. 05-6086, 2006 WL 1361121, at *2 (W.D. Ark. May 17, 2006); Renfrow v. Morris, No. Civ. A. 3:01CV09, 2001 WL 34564383, at *2 (E.D. Va. Aug. 15, 2001), aff'd, 26 Fed. App'x 286 (4th Cir.

2002); Mercer v. Green Haven Correctional Facility, No. 94 CIV. 6238, 1998 WL 85734, at *3 (S.D.N.Y. Feb. 27, 1998); Allen v. Senkowski, No. CIVA95CV1499, 1997 WL 570691, at *1 (N.D.N.Y. Sept. 11, 1997); Green v. Coughlin, No. 94 Civ. 3356, 1995 WL 498808, at *1 (S.D.N.Y. Aug. 22, 1995); Hipes v. Braxton, 878 F.Supp. 56, 57 (W.D. Va. 1995); Brooks v. Nash, No. 92C243, 1993 WL 266526, at *3 (N.D. Ill. July 15, 1993); Colon v. Sullivan, 681 F. Supp. 222, 223 (S.D.N.Y. 1988).[2]

Moreover, even if such a claim were otherwise cognizable, plaintiff's claim is also barred on other grounds.  In the instant case, plaintiff has suffered no physical injury, and the only form of relief he seeks is compensatory damages for "mental anguish."  However, federal law provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  Accordingly, his claim is clearly barred on that basis alone.  Carlisle, 2007 WL 550054, at *2; see also Charles v. Nance, 186 Fed. App'x 494, 495 (5th Cir. 2006); Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005); Yeldon v. Ekpe, 159 Fed. App'x 314, 316 (2nd Cir. 2005).

### B.  Lack of Psychiatric Care

Plaintiff also claims that he has not been provided with psychiatric services to deal with the emotional trauma resulting from his mother's death and his inability to attend her funeral.  However, the mere fact that such services might prove helpful to plaintiff does not mean that they are

---

[2]   The Court notes that, in the grievance records attached to the complaint, plaintiff appears to suggest that prison policies allow attendance at such funerals.  However, even if that is true, it is of no moment.  "[A] prison official's failure to follow the prison's own policies does not, itself, result in a constitutional violation."  Samford v. Dretke, 562 F.3d 674, 681 (5th Cir. 2009).

constitutionally required. Rather, a prisoner's federal right to medical care is violated only if his "serious medical needs" are met with deliberate indifference on the part of penal authorities. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999).

The United States Fifth Circuit Court of Appeals has explained that "[a] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). In the instant case, plaintiff's allegations are insufficient to fall within that definition. He does not suggest that he has a preexisting mental illness, that he was receiving any mental health treatment or medications prior to his incarceration, or that mental health treatment has been recommended for his current problems. Moreover, there is no indication that he is a danger to himself, and he does not suggest that his need for mental health services is so apparent that a laymen would recognize that care is required. Accordingly, his conclusory allegations of depression or emotional trauma fall far short of what is required to state a cognizable medical claim. See, e.g., Spurlock v. Gusman, Civ. Action No. 10-991, 2010 WL 2102829, at *4 (E.D. La. May 5, 2010), adopted, 2010 WL 2102825 (E.D. La. May 25, 2010); NcNamamee v. Schoharie County Jail, No. 9:06-CV-1364, 2008 WL 686796, at *5-6 (N.D.N.Y. Mar. 10, 2008)

In addition, in any event, plaintiff has again suffered no physical injury, and the only form of relief he seeks is compensatory damages. Therefore, this claim is likewise barred by 42 U.S.C. § 1997e(e).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this twenty-sixth day of October, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.